IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Auja N. Perry, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| The Lincoln National Life Insurance Company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**YOU ARE HEREBY NOTIFIED** that, pursuant to 28 U.S.C §§ 1331, 1441, and 1446, Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") removes this action previously pending in the Court of Common Pleas for the Eleventh Judicial Circuit, Lexington County, South Carolina, Civil Action No. 2023-CP-32-02984, to the United States District Court for the District of South Carolina, Columbia Division, on the following grounds:

## I.     COMMENCEMENT OF ACTION

Plaintiff Auja N. Perry ("Plaintiff") commenced this action against Defendant by filing a Summons and Complaint on August 9, 2023, which was served on Defendant on or after August 23, 2023.  Less than thirty (30) days have elapsed since this case was served.  Pursuant to 28 U.S.C. § 1446(a), the case is removed to the district and division embracing the Lexington County Court of Common Pleas.  *See also* 28 U.S.C. § 121(2).

## II.     PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of all process and pleadings received by Defendant are attached and are being filed contemporaneously with this Notice as Exhibit A.  Pursuant to 28 U.S.C. §

1

FP 48220915.4

1446(d) and Local Rule 83.IV.01, DSC, written notice of this removal is being served on the parties and is being filed with the Clerk of Court for the Lexington County Court of Common Pleas.

### III.     STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. A federal question arises in this action because the Complaint sets forth a claim predicated exclusively upon a violation of the Employee Retirement Income Security Act ("ERISA"). As discussed below, this action satisfies the requirements for federal question jurisdiction.

### A. *FEDERAL QUESTION JURISDICTION*

This case is properly removed to this Court pursuant to federal question jurisdiction. Specifically, Plaintiff's causes of action in his Complaint are explicitly brought under ERISA, 29 U.S.C. § 1132. *See e.g., Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Virginia*, 867 F. Supp. 398, 401 (E.D. Va. 1994) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-67 (1987) ("Where ERISA is cited as the jurisdictional basis, complete preemption exists where the plaintiff's claim is displaced by ERISA's preemption provision, 29 U.S.C. § 1144, and falls within ERISA's civil enforcement provision.").

An ERISA claim is displaced by ERISA's preemption provision if it "relate[s] to any employee benefit plan." 29 U.S.C. § 1144. "In order to achieve the policies underlying ERISA, the preemption clause is generally read expansively and a state cause of action will be found to 'relate to' an ERISA plan 'if it has a connection with or reference to such a plan.'" *Broadnax*, 867 F. Supp. at 402 (quoting *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125

FP 48220915.4

(1992)). The insurance policy at issue in the instant action was an employee benefit plan as defined by 29 U.S.C. § 1002. (*See* Compl. ¶¶ 3-18, 25.)

Assuming *arguendo* that Plaintiff has a claim against Defendant, Plaintiff's exclusive remedy, if any, is one for relief under ERISA § 502, 29 U.S.C. § 1132. As a matter of fact, in the Complaint, Plaintiff seeks a declaratory judgment that she is entitled to benefits under ERISA, 29 U.S.C. § 1132. (Compl. at Wherefore clause subsection 3 and First Cause of Action) and asserts a separate cause of action under ERISA § 502 (a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B). As such, the Complaint is subject to ERISA, and this Court has original jurisdiction because Plaintiff's claims raise a federal question.

## IV. <u>REQUEST FOR BRIEFING AND ORAL ARGUMENT</u>

In the event any question arises as to the propriety of the removal of this matter, Defendant requests the opportunity to present briefs, oral argument, and, if necessary, affidavits and other evidence in support of its position that removal is proper.

## V. <u>CONCLUSION</u>

Wherefore, Defendant hereby removes this matter from the South Carolina Court of Common Pleas for the Eleventh Judicial Circuit to the United States District Court, Columbia Division based on federal question jurisdiction. See 28 U.S.C. § 1331, 1441 and 1446.

Respectfully submitted,

By: <u>s/ Phillips L. McWilliams</u>
Phillips L. McWilliams (FID 11992)
pmcwilliams@fisherphillips.com
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 255-0000
*Attorney for Defendant*

Columbia, South Carolina
September 18, 2023

FP 48220915.4